**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK HAWKINSON,

    Plaintiff-Appellant,

v.

GARY STROBRIDGE, Major;
SHERRY PATTERSON, Lieutenant;
WILLIAM BUCK, Lieutenant; JOHN
CLARKSON, Lieutenant; WILLIAM
BELL, Captain; WARREN DIESLIN,
Superintendent of the Buena Vista
Correctional Facility,

    Defendants-Appellees.

No. 01-1201
(D.C. No. 93-N-649)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Patrick Hawkinson, a Colorado state prisoner proceeding pro se on appeal, challenges the district court's refusal to grant him a new trial on his claims that prison officials were deliberately indifferent to his safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment. At the conclusion of a jury trial, at which Mr. Hawkinson was represented by counsel, a verdict was entered in favor of defendants. Mr. Hawkinson then filed a motion pursuant to Fed. R. Civ. P. 59 requesting a new trial based on several alleged errors that occurred at trial. The district court denied the motion, and Mr. Hawkinson appeals.

The underlying facts are set forth in the prior, interlocutory appeal in this case. *Hawkinson v. Romer*, No. 94-1490, 1995 WL 363187 (10th Cir. June 16, 1995) (unpublished). Therefore, we do not repeat them. In this appeal, Mr. Hawkinson asserts that his jury trial was infected with prejudicial error and that substantial justice was not done. He claims that defense counsel's closing argument was improper because counsel stated that Mr. Hawkinson's experts were paid for favorable testimony and he commented on the credibility of those experts without any evidentiary support for the argument. Mr. Hawkinson further claims that defense counsel improperly cross-examined him regarding his medical

-2-

records and that the district court made several improper evidentiary rulings. He alleges the district court improperly (1) permitted defense counsel to suggest that Mr. Hawkinson had stolen his own medical records without a good-faith basis for the questions, (2) permitted defense counsel to adduce testimony that Mr. Hawkinson had escaped from prison without also showing that he was acquitted of the escape charges, and (3) permitted defense counsel to coach and lead a key defense witness by the use of a secret document.

We review the alleged errors to determine whether the district court abused its discretion. *United States v. Broomfield*, 201 F.3d 1270, 1276 (10th Cir.) (where contemporaneous objection made, we review for abuse of discretion decision to deny new trial due to improper closing argument), *cert. denied*, 531 U.S. 830 (2000); *McCue v. Kan. Dep't of Human Resources*, 165 F.3d 784, 788 (10th Cir. 1999) ("We review a district court's decision to admit or exclude evidence for abuse of discretion."); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (district court's ruling on motion filed under Rule 59(e) reviewed for abuse of discretion). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Phelps*, 122 F.3d at 1324.

In a thoughtful and thorough order and memorandum, the district court considered and denied all of the claims Mr. Hawkinson now presses on appeal. Adopting the reasoning of the district court's order and applying the applicable law to the errors alleged in light of the trial record, we conclude that the district court did not abuse its discretion (1) in its evidentiary rulings at trial, (2) in denying a new trial based on closing arguments, or (3) in denying Mr. Hawkinson's Rule 59 motion. Accordingly, we affirm the judgment.

The district court granted Mr. Hawkinson leave to proceed on appeal *in forma pauperis*. He has made some partial payments on the appellate filing fee. He is reminded that he remains obligated "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge